IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR72 |
| vs. | |
| JOSE VIDAL NAVARRO-GONZALEZ, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss Count II of the Indictment. ([Filing No. 25](#).) Neither party requested a hearing so, the motion is now ripe for disposition.

For the reasons explained below, the undersigned will recommend that Defendant's Motion to Dismiss Count II of the Indictment ([Filing No. 25](#)) be denied.

### FACTS

On March 18, 2021, a grand jury issued a two count indictment charging Defendant with (1) possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1); and (2) knowingly using and carrying a firearm, to wit: a High Point .45 caliber pistol, during and in relation to, and knowingly possessing such firearm in furtherance of, a drug trafficking crime for which Defendant may be prosecuted in a court of the United States, that is, the offense described in Count I, in violation of Title 18, United States Code, Section 924(c)(1)(A). ([Filing No. 16](#).)

### DISCUSSION

Defendant argues Count II of the Indictment is duplicitous and, therefore, should be dismissed. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *[United States v. Street,](#)* 66 F.3d 969, 974 (8th Cir.1995) (quotation omitted). "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement

on the defendant's guilt with respect to a particular offense." *Id*. Duplicity can result in "improper notice of the charges against [the defendant], prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and the danger that a conviction will result from a less than unanimous verdict as to each separate offense." *United States v. Armstrong,* 974 F. Supp. 528, 539 (E.D. Va. 1997) (quotation omitted). "A count is not duplicitous, however, merely because it alleges alternative means of completing a single offense." *United States v. Pleasant,* 125 F. Supp.2d 173, 176 (E.D. Va. 2000).

> Section 924(c)(1)(A), under which Defendant is charged, provides:
>
> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years; . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). The Eighth Circuit Court of Appeals has held that § 924(c)(1)(A) creates two separate offenses: (1) possession of a firearm in furtherance of crime of violence or drug trafficking offense and (2) use or carry of a firearm during and in relation to a crime of violence or drug-trafficking offense. *United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006).

Defendant argues Count II is duplicitous because two separate offenses are joined in one count. Count II alleges that on February 22, 2021, Defendant "did knowingly use and carry a firearm . . . during and in relation to, and did knowingly possess such firearm in furtherance of, a drug trafficking crime" in violation of § 924(c)(1)(A). (Filing No. 16) (emphasis added). Defendant contends it is not the government or Court's duty to decide which offense the grand jury intended to allege and that a jury cannot properly consider Count II without a substantial risk of a non-unanimous verdict, juror confusion, and conviction on a non-offense.

In response, the government argues Count II is not duplicitous and was filed to fully inform Defendant of the charges against him. Further, the government asserts that even if it is determined that Count II is duplicitous, the appropriate remedy would not be dismissal, but rather for the

2

government to elect to proceed on one of the prongs of § 924(c)—use and carry or possession. If this is allowed, the government requests to proceed on the "possession" prong of Count II.

The parties have not cited, nor has the Court located, any Eighth Circuit precedent addressing the question of whether a count charging both prongs of § 924(c) is duplicitous. However, it has been held outside this jurisdiction that counts charging both these offenses are, in fact, duplicitous. In *United States v. Pleasant*, 125 F. Supp.2d 173 (E.D. Va. 2000), the United States District Court for the Eastern District of Virginia held that because the statutory text of § 924(c) articulated two distinct kinds of offenses, "collapsing the two parts of the statute into one jumbled mess," was duplicitous. *Id.* at 183.

This Court likewise concludes that a count charging both prongs of § 924(c)(1)(A), such as Count II, is duplicitous. Count II alleges Defendant knowingly used and carried a firearm in relation to a drug trafficking crime and knowingly possessed such firearm in furtherance of a drug trafficking crime. Because, under Eighth Circuit precedent, § 924(c)(1)(A) sets out two separate offenses, Count II, which alleges both of those offenses, is duplicitous. If Count II goes to the jury, there is a risk for a non-unanimous decision because, for instance, some jurors could conclude Defendant possessed a firearm in furtherance of a drug trafficking offense, while others could find he used it during and in relation to a drug trafficking crime. In other words, the language of Count II runs the risk that part of a jury may find Defendant guilty of one crime while the rest of the jury finds him guilty of the other crime. Additionally, due to the similar definitions of the elements, Count II poses a risk of juror confusion.

Having concluded that Count II is duplicitous, the Court must now consider the appropriate remedy. "The right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment." *Stirone v. United States*, 361 U.S. 212, 218–19, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). Only the grand jury may broaden charges in an indictment. *Id*. However, courts have found that "[w]here an indictment or information contains a duplicitous count, the proper remedy is to dismiss the count *or* to require the United States to elect which offense it desires to pursue." *Pleasant*, 125 F. Supp.2d at 176 (emphasis added). *See also United States v. Sturdivant*, 244 F.3d 71, 79 (2d Cir. 2001) (stating remedies for

3

duplicity include "having the government elect to proceed based upon only one of the distinct crimes included within a duplicitous count").

Under the circumstances presented here, the Court will permit the government to elect which prong of § 924(c)(1)(A) under which it wishes to proceed. Doing so would not impermissibly broaden the scope of the Indictment or charges against Defendant. To the contrary, Count II, which currently sets out two offenses, would be narrowed to eliminate one of the charges. Thus, Defendant would be sufficiently advised of the charges against him. The government requested in its brief that it be allowed to proceed on the possession prong of § 924(c)(1)(A). Therefore, the undersigned will recommend that the government be allowed to proceed on this prong only.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Brian C. Buescher that Defendant's Motion to Dismiss Count II of the Indictment (Filing No. 25) be denied and that the government be allowed to proceed only on the possession prong of § 924(c)(1)(A).

Dated this 1st day of June, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

### ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.