IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE VIDAL NAVARRO-GONZALEZ, <br><br> Defendant. | 8:21-CR-72 <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court for its review of the Magistrate Judge's Findings and Recommendation, Filing 29, denying Defendant's Motion to Dismiss Count II of the Indictment. Filing 25. The United States timely filed a Statement of Objections to Magistrate Judge's Findings and Recommendation challenging the finding of duplicity. Filing 32. As discussed below, the Court overrules the objection to the Magistrate Judge's finding of duplicity and adopts the Magistrate Judge's findings and recommendation in their entirety. The Court therefore denies Defendant's Motion to Dismiss Count II of the Indictment, Filing 25, but will allow the United States to proceed only as to the "possession" offense under 18 U.S.C. § 924(c)(1)(A).

## I. BACKGROUND

On March 18, 2021, a grand jury issued a two-count Indictment charging Defendant with (1) possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1); and (2) knowingly using and carrying a firearm, to wit: a High Point .45 caliber pistol, during and in relation to, and knowingly possessing such firearm in furtherance of, a drug trafficking crime for which Defendant may be prosecuted in a court of the United States, that is, the offense described in Count I, in violation of Title 18, United States Code, Section 924(c)(1)(A). Filing 16.

Defendant moved to dismiss Count II on the basis of duplicity. *See* Filing 25; Filing 26. The United States opposed dismissal, arguing Count II is not duplicitous and, in the alternative, dismissal is not the appropriate remedy. *See* Filing 28. Magistrate Judge Bazis thereafter recommended that the Court find Count II duplicitous, allow the United States to proceed only on the possession prong of 18 U.S.C. § 924(c)(1)(a), and deny Defendant's motion. Filing 29. The United States timely objected to the Magistrate Judge's finding and recommendation of duplicity. *See* Filing 32; Filing 33.

## II. DISCUSSION

### A. Standard of Review

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). 28 U.S.C. § 636(b)(1) requires de novo review "only when a party objected to the magistrate's findings and recommendations." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619–20 (8th Cir. 2009) (*quoting Peretz v. United States*, 501 U.S. 923, 939 (1991)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### B. Analysis

"Federal Rule of Criminal Procedure 8(a) provides that the government may charge two or more connected offenses in the same indictment, as long as each is charged in a separate count." *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011). "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018) (quoting *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997)). "The

problem with a duplicitous indictment is that 'the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense.'"[1] *Paul*, 885 F.3d at 1104 (quoting *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994)).

Defendant argued, and the Magistrate Judge found, that Count II is duplicitous because the it charges the Defendant with (1) "knowingly using and carrying a firearm . . . during and in relation to . . . a drug trafficking crime" and (2) "knowingly possessing such firearm in furtherance of, a drug trafficking crime." Filing 16 (Indictment); Filing 26 (Defendant's argument); Filing 29 (Findings and Recommendation). The Court agrees.

In *United States v. Gamboa*, 439 F.3d 796, 808–09 (8th Cir. 2006), Gamboa argued his separate convictions arising out of the same facts for "us[ing] and carr[ying]" a firearm and possession of a firearm violated the Double Jeopardy Clause. The court determined the convictions "did not violate the Double Jeopardy Clause because each count requires proof of an element not required by the other." *Id.* at 809. Noting that "the specific firearms charged [were] identical under both counts," the court determined that, "[a]lthough implicit in a finding that Gamboa 'used and carried' firearms lies a finding that Gamboa simultaneously 'possessed' the firearms (because it would not be possible for him to use and carry firearms without also possessing them), the heightened requirement of the 'used and carried'" is "heightened" and differentiating element. *Id.* at 810. Further, "possession" must be "in furtherance of" a drug trafficking crime whereas using and carrying a firearm must merely be "during and in relation to" a drug trafficking crime. *Id.* Thus, "possession" and "using and carrying" "are separate criminal offenses." *Id.*

---

[1] While "the Sixth Amendment right to a unanimous jury verdict, imperiled with a duplicitous indictment, *may* be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act," *Pietrantonio*, 637 F.3d at 869 (emphasis supplied), the Court declines to leave this matter pending until the time of trial.

The United States argues that the Ninth Circuit Court of Appeals "has specifically considered the issue raised and found that an indictment charging both prongs of 18 U.S.C. § 924(c) was not duplicitous." Filing 33 at 3. However, in the case cited, *United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006), the Ninth Circuit concluded "that § 924(c)(1)(A) defines only one offense." Such a finding is not binding on this Court and plainly contradicts the holding of the *Gamboa* court. In light of the Eighth Circuit Court of Appeal's holding that § 924(c)(1)(A) creates two separate offenses, this Court adopts the Magistrate Judge's finding that Count II is duplicitous because it "join[s] in a single count [] two or more distinct and separate offenses." *Paul*, 885 F.3d at 1104.

Despite finding Count II duplicitous, the Court will not dismiss it but will instead adopt the Magistrate Judge's reasoning and recommendation to allow the United States to elect. *See* Filing 29 at 3-4. The Court will allow the United States to proceed on Count II only on the possession prong of § 924(c)(1)(A), as it has requested. *See* 5 Wayne R. LaFave, Jerold H. Israel, Nancy J. King, and Orin S. Kerr, *Crim. Proc.* § 19.3(d) (4th ed., 2015) ("A valid duplicity objection raised before trial will force the government to elect the offense upon which it will proceed, but will not require the dismissal of the indictment.").

### III. CONCLUSION

Accordingly, the Court overrules the United States' objection, adopts the Magistrate Judge's Findings and Recommendation in its entirety, and denies Defendant's Motion to Dismiss Count II of the Indictment.

IT IS ORDERED:

1. Plaintiff's Statement of Objections to Magistrate Judge's Findings and Recommendation, Filing 32, is overruled;

2. The Court adopts the Magistrate Judge's Findings and Recommendation, Filing 29;

3. Defendant's Motion to Dismiss Count II of the Indictment, Filing 25, is denied; and

4. The Clerk of Court is ordered to terminate the pending motions at Filing 25, Filing 29, and Filing 32.

Dated this 12th day of July, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge